UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24483-CIV-MORENO

URIEL SABBAGH, on behalf of himself and
all other similarly situated consumers,

        Plaintiff,

vs.

RESURGENT CAPITAL SERVICES, L.P.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT RESURGENT CAPITAL SERVICES, L.P.'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon Defendant Resurgent Capital Services, L.P.'s Motion for Summary Judgment with Incorporated Memorandum of Law (**D.E. 14**), filed on **March 29, 2024**. Plaintiff Sabbagh failed to file a response in opposition to Defendant's Motion and the time to do so has since passed. Local Rule 56.1(a) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate . . . Statement of Material Facts . . ." which "shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.1(a)(1). Where, as here, the non-movant fails to file a Statement of Material Facts in Opposition, "[a]ll material facts in [the moving] party's Statement of Material Facts may be deemed admitted . . ." S.D. Fla. L.R. 56.1(c); *see also Jones v. Gerwens*, 874 F.2d 1534, 1537 n.3 (11th Cir. 1989) ("[f]acts set forth in the Defendants' Statement of Undisputed Facts which are not controverted, are deemed admitted" pursuant to the Local Rules). Therefore, Defendant's Motion is now ripe for disposition.

The Court, however, is not permitted to grant the Motion solely because it is unopposed. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). "[T]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.*

Nevertheless, after careful consideration of the Motion, relevant authority, and for the reasons set forth below, **THE COURT** finds that no genuine disputes of material exist and **GRANTS** Defendant's Motion for Summary Judgment.

## FACTS

Pursuant to 28 U.S.C. § 1446(b), Defendant removed this case to the U.S. District Court for the Southern District of Florida. [ECF No. 1 at ¶¶ 2, 4]. Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County. [*Id.* at ¶ 1]. Plaintiff's Complaint alleges that Defendant sent him a collection letter, after which he called Defendant to dispute his account. [ECF No. 1-1 at ¶¶ 17-19]. Plaintiff alleges that the collector harassed him by repeatedly demanding a reason why Plaintiff wanted to dispute the debt. [*Id.* at ¶ 23]. Plaintiff' alleges that Defendant's conduct violated the Florida Consumer Collection Protection Act, Florida Stat. § 559.55 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

[*Id.* at ¶¶ 1, 30]. Further, Plaintiff brings this action also on behalf of all other similarly situated pursuant to Fla. R. Civ. P. 1.220. [*Id.* at ¶ 39].

## LEGAL STANDARD – SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Id.* (internal quotation marks omitted). "The movant may meet this burden by demonstrating that the nonmovant has failed to present sufficient evidence to support an essential element of the case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (The movant may satisfy its burden "by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case." (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548)). Provided that the movant meets its burden, the burden then shifts to the nonmovant to show that a genuine issue of material fact exists. *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311-12 (11th Cir. 2018). To establish a factual dispute sufficient to avoid the entry of summary judgment, the nonmovant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (citation omitted). "However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Est. of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citation omitted). Nevertheless, courts "must view all the evidence and all factual

inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted).

## DISCUSSION

Defendant seeks summary judgment on Plaintiff's two claims of Fair Debt Collection Practices Act and Florida Consumer Collection Protection Act violations. Defendant argues that it is entitled to summary judgment for three reasons: (1) Plaintiff failed to establish that the account is a "debt" as defined by the Fair Debt Collection Practices Act; (2) Plaintiff failed to establish that Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act; and (3) that Plaintiff failed to establish that Defendant engaged in conduct that violated any provision of the Fair Debt Collection Practices Act or the Florida Consumer Collection Protection Act. Plaintiff failed to respond to Defendant's Motion, and Defendants have supported their Statement of Material Facts with record evidence. Therefore, in accordance with Local Rule 56.1, the Court deems Defendant's Statement of Material Facts admitted. Accepting these facts as true, Defendant has shown that they are entitled to summary judgment.

## LEGAL STANDARD – THE FAIR DEBT COLLECTION PRACTICES ACT

The goal of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors, insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Abusive debt collection practices, as defined by Congress, are "obscene or profane language, threats of violence, telephone

calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." 1977 U.S.C.C.A.N. 1695, 1696, S. Rep. 95-382. The statute provides incentives to would-be plaintiffs and their attorneys to throw claims against the wall to see if one will stick: up to $1,000 in statutory damages, actual damages; strict liability; and shifting attorney's fees. *See* 15 U.S.C. § 1692k.

To establish a violation of the Fair Debt Collection Practices Act, a plaintiff must show by a preponderance of the evidence (1) the defendant is a "debt collector," (2) the challenged conduct was made "in connection with the collections of any debt," and (3) the defendant engaged in an act or omission prohibited by the Fair Debt Collection Practices Act. *Reese v. Ellis, Painter, Ratterree, & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *Higgens v. Trident Asset Management, LLC*, 2017 U.S. Dist. LEXIS 92649 at *3 (S.D. Fla. 2017). Thus, the Court first addresses element one (and Defendant's second argument): whether Defendant is considered a "debt collector" as defined by the Fair Debt Collection Practices Act.

## LEGAL ANALYSIS – THE FAIR DEBT COLLECTION PRACTICES ACT

1. <u>Defendant is not a "debt collector" as defined by the Fair Debt Collection Practices Act</u>

The Fair Debt Collection Practices Act imposes liability against debt collectors in connection with their efforts to collect debts. 15 U.S.C. § 1692. "Whether an individual or entity is a 'debt collector' is determinative of liability under the Fair Debt Collection Practices Act." *Birster v. American Home Mort. Servicing, Inc.*, 481 F. App'x 579, 581-82 (11th Cir. 2012). The statute defines a "debt collector" as: any person (1) "who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Accordingly, an entity can be considered a "debt collector" either through the "principal purpose" definition or the "regularly collects" definition. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1315 (11th Cir. 2015) (noting that "one of the two statutory standards" under § 1692(a)(6) "must be met" before an entity can qualify as a "debt collector.").

Here, Plaintiff fails to meet either statutory definition of a "debt collector." As Defendant points out, Plaintiff has brought forth no evidence of Defendant's principal business purpose, or of whether the accounts Defendant might attempt to collect are "debts" as the statutes define that term. Because the Plaintiff failed to develop any evidentiary record, Plaintiff has failed to meet his burden of showing Defendant is subject to liability under the Fair Debt Collection Practices Act. *See Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Thus, the Court need not address whether the challenged conduct was made "in connection with the collections of any debt," or whether the defendant engaged in an act or omission prohibited by the Fair Debt Collection Practices Act. *See Reese*, 678 F.3d at 1216. Accordingly, the Court Grants Defendant's Motion for Summary Judgment with regards to Count II – violations of the Fair Debt Collection Practices Act.

## **LEGAL STANDARD – FLORIDA CONSUMER COLLECTION PROTECTION ACT**

The Florida Consumer Collection Protection Act is a consumer protection law, which "seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons." *Jones v. TT of Longwood, Inc.*, 2006 U.S. Dist. LEXIS 70664, 2006

WL 2789140, at *5 (M.D. Fla. Sept. 26, 2006); *see also Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st DCA 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976) ("[The Florida Consumer Collection Protection Act] is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations.")). "In applying and construing [the Florida Consumer Collection Protection Act] due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practice Act." Fla. Stat. § 559.77(2); *see also Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1214 (M.D. Fla. 2009) (stating that the federal Fair Debt Collection Practice Act, 15 U.S.C. § 1692, is a remedial statute).

Plaintiff alleges that Defendant violated Fla. Stat. § 559.72(7), which prohibits debt collectors from "willfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or ay member of her or his family." The basis for Plaintiff's claim is the insinuation he was "not able to have the debt marked as disputed within the initial dispute period," purportedly without providing a basis for his dispute.

Here, the Court agrees with Defendant that Plaintiff's claim was woefully deficient. Plaintiff has not produced any evidence to substantiate its allegations in his Complaint. As Defendant states, there is no evidence of the telephonic "harassment" that is the linchpin of Plaintiff's claims. Further, there is no evidence that Defendant neglected to honor or "accept" Plaintiff's dispute. Accordingly, the Court finds that Plaintiff has failed to meet his *prima facie* burden of showing that Defendant engaged in conduct tantamount to abuse or harassment. Thus,

the Court grants Defendant's Summary Judgment with regards to Count I – violations of the Florida Consumer Collection Protection Act.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment is **GRANTED** in full. All pending motions are **DENIED AS MOOT** and the Clerk is directed to **CLOSE** this case*

DONE AND ORDERED in Chambers at Miami, Florida this 21 of ~~March~~ May 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
«Counsel»